*In re* POOLE.

(*Common Pleas of New York City and County, General Term.*    June 1, 1891.)

MECHANIC'S LIEN—ENFORCEMENT—NOTICE—SERVICE OF SUMMONS.

Laws N. Y. 1885, c. 342, § 24, provides that an owner of property may give notice in writing to a person asserting a mechanic's lien thereon to bring an action of foreclosure by a day named, or show cause why the lien should not be vacated.    On December 4, 1890, P., an owner of property, served such notice on M., a lienholder, returnable January 10, 1891, who commenced his action January 6, 1891, by filing a summons and complaint in the clerk's office, and leaving copies at the office of the attorney who countersigned the notice.    The attorney, on January 8th, declined to appear for the owner, and on return of the notice, January 10th, the court gave the lienholder 10 days in which to perfect service of summons on the owner or to procure an order of publication against her.    Publication was made, and, the owner failing to appear, her application to discharge the lien was denied.    *Held,* that there

was no error in extending lienholder's time in which to make service of his complaint, he having exercised reasonable diligence to discover the owner's whereabouts, in order that service might be made upon her, and to obtain an appearance for her by attorney, and that his action was begun in proper time.

Appeal from special term.

Application by Mary A. Poole for an order vacating a mechanic's lien on her premises filed by Charles Molten. From an order denying her application Mary A. Poole appeals.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

George W. Carr, for appellant. Charles M. Earle, for respondent.

ALLEN, P. J. On October 29, 1890, Charles Molten, who had done the plumbing work of nine houses in Ninety-Ninth street, in the city of New York, filed a mechanic's lien for $1,183.20 against said property. Three of the said houses are owned by Mary A. Poole. On December 4, 1890, said Mary A. Poole caused to be served upon the said Molten the notice provided for in paragraph 24, subd. 5, c. 342, Laws 1885, requiring him to foreclose his lien on or before January 6, 1891, or, in default thereof, show cause at a special term of this court on January 10, 1891, why the lien should not be discharged. This notice was signed by the said Mary A. Poole, and countersigned by George W. Carr, attorney for owner, 29 Wall street, New York. On January 6, 1891, the lienor filed with the clerk a summons and verified complaint in foreclosure, and lis pendens with the county clerk. On the same day his attorney went to the office of Carr, the attorney who had countersigned the notice, at the address named in that notice, and, said Carr being absent, left copies of the papers with the person in charge; and, on January 8th, Mr. Carr was asked to appear for Mrs. Poole, which he declined to do, without seeing her. On the return of the notice, the court, at special term, made an order giving the lienor 10 days' time to enable him to serve Mrs. Poole, or to procure an order, and begin the publication of the summons against her. After the lapse of 10 days, upon proof that an order for the publication of the summons against Mrs. Poole had been made, and that the publication was actually begun within the time allowed by the order, the court made an order denying the application to discharge the lien. The appeal is taken from both of said orders. The appellant claims that the court had no power to make either of the orders, and that, no action to foreclose the lien having been begun according to the terms of the notice, the court was obliged to discharge the lien. The statute pursuant to which the notice was served provides that the owner may give notice to the lienor to bring an action of foreclosure by a day named, or show cause why the lien should not be vacated; and, further, provides that the court may make an order vacating the lien. The language of the statute is plain and intelligible. The intention of it was clearly to enable the owner to require the lienor to test the validity of his lien speedily, and to give to the court the power to vacate or discharge the lien in case the action was not commenced, or sufficient reason presented to the court excusing the lienor for not commencing the action, in the time named in the notice. A proper and equitable construction of this statute gives the court not only the power, but makes it the duty of the court, to take into consideration the equities of the case, and exercise a sound discretion in granting or refusing the application. Insurance Co. v. Stevens, 63 N. Y. 341. If the intent of the statute was that the right of the owner to have the lien discharged upon the return of the notice, in case no action was commenced within the time mentioned in the notice, should be absolute, the application to the court is an idle ceremony. It is clear to us that the court had the power to exercise its discretion in treating the application in accordance with the equities of the case; and it is also clear to us, from the facts disclosed by the record, that there was no improper use of discretion in making either of the orders appealed from. Mrs. Poole was

a resident of New Jersey, and could not be found in this state, so that service could be made upon her within the time mentioned in the notice; and it appears the lienor exercised reasonable diligence in his attempts to obtain an appearance for her, and ascertain where she could be found, in order that service might be made upon her. This proof being presented to the judge on the return of the notice, the court, in the proper exercise of its discretion, made an order directing the motion to stand over for 10 days to enable the lienor to serve Mrs. Poole, and ordering the publication of the summons. The order of publication was obtained, and the publication was begun before the 10 days allowed by the order had expired, and the court, having before it these facts, showing plainly that the lienor had done everything that could be done up to that time to commence the action, denied the application. Although, strictly speaking, it may not be said that the action was begun by filing the summons and complaint, and obtaining the order of publication, yet the lienor had certainly commenced the action so far as it was possible for him to do so, and we think the denial of the application of the owner was a proper exercise of discretion. The orders should be affirmed, with costs. All concur.